# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**JOE MCLEMORE, #72051**                                                                                    **PLAINTIFF**

**VERSUS**                                                              **CIVIL ACTION NO. 4:05cv138TSL-AGN**

**LARRY GREER, et al.**                                                                                **DEFENDANTS**

## OPINION AND ORDER

Plaintiff Joe McLemore, #72051, an inmate currently incarcerated in the East Mississippi Correctional Facility, Meridian, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendants are Larry Greer, James Carter, Unknown Enterkin, Christopher Epps, and E. L. Sparkman. Plaintiff seeks injunctive relief and monetary damages.

## Background

Plaintiff complains that he was terminated from his position at the inmate library for misconduct. Although the plaintiff denied the charge, the plaintiff was reclassified to a lower level of custody and offered a different position of employment. The plaintiff apparently declined the alternative position. Plaintiff asserts that his due process rights were violated when he did not receive a hearing and that the conditions of his current custody level constitute deliberate indifference as well as cruel and unusual punishment. The plaintiff requests that this court reinstate him in his prison job of preference and reclassify him to a higher custody level, as well as award the plaintiff punitive damages and other injunctive relief.

Analysis

The first inquiry in any civil rights action is whether the complainant has been deprived of a federally protected right. There can be no relief under 42 U.S.C. § 1983 if there has been no deprivation of a federally protected civil right. Baker v. McCollan, 443 U.S. 137, 140, 99 S. Ct. 2689, 2692, 61 L. Ed. 2d 433 (1979).

It is well established that a prisoner does not have a federally protected civil right or constitutional right to receive a certain classification while incarcerated. Meacham v. Fano, 427 U.S. 215 (1976); Mikeska v. Collins, 900 F.2d 833, 836 (5th Cir. 1990) (citing Moody v. Baker, 857 F.2d 256 (5th Cir. 1988), cert. denied, 488 U.S. 985 (1988)). Therefore, the plaintiff's "punishment" of reclassification to a less desirable level of custody does not violate his constitutional rights. A constitutionally protected liberty interest will be "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 32 L.Ed. 2d 418 (1995) (citing Meachum v. Fano, 427 U.S. 215 (1976)). Since the classification of the plaintiff in a certain level of custody, regardless of the reason, is not an "atypical and significant hardship," there has been no constitutionally protected right created. See, e.g., Tubwell v. Griffith, 742 F.2d 250 (5th Cir. 1984) (holding that Miss Code Ann. §§ 47-5-99 to 47-5-103 (1972) do not create an expectation of any particular classification).[1]

Likewise, the plaintiff's complaints that his current custody level houses him with

---

[1] Plaintiff's assertion that another inmate who admitted his guilt to an RVR for the same offense but did not receive the same punishment as the plaintiff violates the equal protection clause is without merit.

2

more dangerous inmates and prevents him from enjoying certain privileges- including the particular prison job he previously held- fail to constitute deliberate indifference or cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976).  Plaintiff simply did not suffer an atypical and significant hardship in relation to the ordinary incidents of prison life by losing his prison job or by being housed with offenders he deems dangerous.  See Bulger v. United States, 65 F.3d 48, 50 (5th Cir.1995)(holding that the loss of a prison job did not implicate the prisoner's liberty interest even though the prisoner lost the ability to automatically accrue good-time credits);  See also, Madison v. Parker, 104 F.3d 765, 768 (5th Cir.1997)(inmate's 30 day commissary and cell restrictions as punishment do not present the type of "atypical, significant deprivation in which a state might create a liberty interest").  In fact, the plaintiff states in his complaint that he has not been harmed by the other inmates who share his current custody level.  Therefore, because the court finds that the plaintiff was not entitled to due process protections when he was reclassified and faced the loss of his preferred prison job, the plaintiff has not suffered a constitutional deprivation for which relief may be granted under 42 U.S.C. § 1983.

## Conclusion

It is clear that there is no constitutionally protected right to be placed in a certain custody level as a matter of classification.  Further, plaintiff has not been subjected to deliberate indifference or cruel and unusual punishment by the loss of his preferred job or the conditions of his current custody level.

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides that "the court shall dismiss the case at any

time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the plaintiff was granted in forma pauperis status, Section 1915(e)(2) applies to the instant case. As discussed above, the plaintiff has failed to state a claim on which relief may be granted; therefore this complaint shall be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), with prejudice.

### Three-Strikes provision

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike".[2] If the plaintiff receives "three strikes" he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.

A final judgment will be entered in accordance with this opinion and order.

SO ORDERED this the  18th     day of October, 2005.

                                                /s/ Tom S. Lee
                                                UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."